**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION
CIVIL ACTION NO.:**

| | |
|---|---|
| ANDREW BRUNSON, a minor, by and through his natural father and Guardian ad Litem, Bryan Brunson, and LOGAN BRADDOCK, a minor, by his natural parent and Guardian ad Litem, Winnie B. King, and CASEY ATKINSON, a minor, by her natural parents and Guardians ad Litem, John and Chris Atkinson, ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | ANSWER, COUNTERCLAIM, AND THIRD-PARTY COMPLAINT OF CANAL INSURANCE COMPANY |
| CANAL INSURANCE COMPANY, ) ) | |
| Defendant/Third-Party Plaintiff, ) ) | |
| v. ) ) | |
| LORENZO ARTHUR d/b/a Lorenzo Arthur Trucking; EMANUEL FRIERSON d/b/a Frierson's Auto Sales; BRYAN V. BRUNSON; WINNIE B. KING; JOHN ATKINSON; CHRIS ATKINSON; and NATIONWIDE MUTUAL INSURANCE COMPANY, ) ) ) ) ) ) ) ) | |
| Third-Party Defendants. ) ) | |

The Defendant, Canal Insurance Company, answers the Plaintiffs' Complaint, and asserts by way of Counterclaim and Third-Party Complaint, as follows:

## FOR A FIRST DEFENSE

1.  The Defendant admits, upon information and belief, the allegations contained in Paragraph 1 of the Complaint.

1

2.	The Defendant admits, upon information and belief, the allegations contained in Paragraph 2 of the Complaint.

3.	The Defendant admits, upon information and belief, the allegations contained in Paragraph 3 of the Complaint.

4.	The Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5.	The Defendant admits only so much of Paragraph 5 of the Complaint that alleges the Defendant transacts business in Darlington County. All remaining allegations are hereby denied.

6.	The Defendant admits only so much of Paragraph 6 of the Complaint that alleges this is an action for declaratory relief only. All remaining allegations are hereby denied.

7.	The Defendant lacks sufficient knowledge upon which to form a belief as to the allegations contained in Paragraph 7 of the Complaint, and therefore, denies the same.

8.	The Defendant admits, upon information and belief, the allegations contained in Paragraph 8 of the Complaint.

9.	The Defendant admits, upon information and belief, the allegations contained in Paragraph 9 of the Complaint.

10.	The Defendant admits, upon information and belief, the allegations contained in Paragraph 10 of the Complaint.

11.	The Defendant admits only so much of Paragraph 11 of the Complaint that alleges that an accident occurred between the vehicles at the intersection described. All remaining allegations are hereby denied.

12.	The Defendant lacks sufficient knowledge upon which to form a belief as to the allegations contained in Paragraph 12 of the Complaint, and therefore, denies the same.

13. The Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. The Defendant admits only so much of Paragraph 14 of the Complaint that alleges that Canal policy # 450771 was in effect at the time of the accident listing Lorenzo Arthur d/b/a Lorenzo Arthur Trucking as the named insured. All remaining allegations are hereby denied.

15. The Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. The Defendant admits only so much of Paragraph 16 of the Complaint that alleges that the Canal policy referenced-above contained a provision for liability coverage and also a Form MCS-90 endorsement, all pursuant to the terms and conditions contained therein. However, the Defendant denies that the policy provided coverage for this accident and otherwise denies all remaining allegations.

17. The Defendant admits only so much of Paragraph 17 of the Complaint that alleges that the Canal policy referenced-above listed a Freightliner as an insured vehicle and that the policy contained a Form MCS-90 endorsement, all pursuant to the terms and conditions contained therein. However, the Defendant denies that the policy provided coverage for this accident and otherwise denies all remaining allegations.

18. The Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. The Defendant admits, upon information and belief, the allegations contained in Paragraph 19 of the Complaint.

20. The Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. The Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. The Defendant admits the allegations contained in Paragraph 22 of the Complaint, though it denies that the Plaintiffs are entitled to the relief they are requesting.

23. The Defendant denies each and every allegation of the Plaintiffs' Complaint not herein specifically admitted, including the prayer and the "Wherefore" clause.

## FOR A SECOND DEFENSE AND BY WAY OF COUNTERCLAIM AND THIRD-PARTY COMPLAINT
**(Declaratory Judgment)**

24. The Defendant reincorporates and realleges each of the preceding paragraphs as if fully repeated herein.

25. The Plaintiffs, upon information and belief, are residents of Darlington County, South Carolina.

26. The Third-Party Defendants Lorenzo Arthur d/b/a Lorenzo Arthur Trucking ("Arthur"), Emanuel Frierson d/b/a Frierson's Auto Sales, Bryan V. Brunson, Winnie B. King, John Atkinson, and Chris Atkinson, are upon information and belief, residents of Darlington County, South Carolina.

27. The Third-Party Defendant Nationwide Mutual Insurance Company is an insurance company authorized to do business, and in fact, conducts business within the State of South Carolina.

28. All of the above parties have an interest in the outcome of this litigation and are necessary and indispensable parties to this declaratory judgment action.

29. This is an action for declaratory relief brought pursuant to Rule 57, FRCP, and 28 U.S.C. § 2201, for the purpose of determining an actual and justiciable controversy among the parties.

**Factual Background**

30. On or about July 25, 2004, Canal Insurance Company issued a policy of automobile liability insurance to Arthur, policy # 450771, which listed a 1989 Volvo Tractor and a 1994 Freightliner Tractor as insured vehicles, pursuant to the terms and conditions of said policy.

31. On or about August 31, 2004, the 1989 Volvo Tractor was removed from the policy at the request and instruction of Arthur, who indicated that the vehicle had been sold.

32. On or about November 16, 2004, Arthur was involved in an automobile accident while operating the 1989 Volvo Tractor on a personal mission within the State of South Carolina.

33. Several claims and lawsuits have been filed against Arthur for damages resulting from the accident of November 16, 2004.

34. At the time of the accident, the 1989 Volvo Tractor was not listed as an insured vehicle on the policy of insurance issued by Canal.

35. At the time of the accident, the 1989 Volvo was not covered by any policy of insurance issued by Canal.

36. The policy of insurance issued by Canal to Arthur contained an "Endorsement for Motor Carrier Policies of Insurance for Public Liability Under Sections 29 and 30 of the Motor Carrier Act of 1980," which is more commonly known as a "Form MCS-90" endorsement.

37. It has been alleged by some or all of the claimants that the Form MCS-90 endorsement is applicable to the accident of November 16, 2004, because the endorsement, by its terms, applies "regardless of whether or not each motor vehicle is specifically described in the policy." Canal contends that the Form MCS-90 endorsement is not applicable to this accident.

**Applicable Statutes, Regulations, and Definitions Regarding Form MCS-90 Endorsement**

38.  49 U.S.C. § 13906 and 49 U.S.C. § 31139 set forth the federal statutory basis for the minimum financial responsibility of motor carriers of property that are engaged in interstate commerce.  These statutes give the Secretary of Transportation authority to prescribe certain regulations pertaining to the minimum financial responsibility of such carriers, said regulations having been codified at 49 C.F.R § 387.  These regulations are the basis for the requirement that a Form MCS-90 endorsement for "public liability" be included on certain policies of insurance.

39.  49 C.F.R. § 387.15 prescribes the language to be included in a Form MCS-90 endorsement, which is the same language contained in the endorsement contained on the policy issued by Canal, a copy of which is attached hereto as "Exhibit A".

40.  Pursuant to 49 U.S.C. § 31139(b)(1), the requirement for minimum levels of financial responsibility for public liability applies only to "the transportation of property by commercial motor vehicle [sic] in the United States between a place in a State and – (A) a place in another State; (B) another place in the same State through a place outside of that State; or (C) a place outside the United States."  Unless transporting certain defined hazardous cargo, the statute provides that only motor carriers involved in "interstate commerce" are subject to minimum financial responsibility requirements, including the Form MCS-90 endorsement regarding public liability.

41.  Except when a motor carrier transports certain hazardous cargo, the Department of Transportation regulations emanating from the above statute only apply to "for-hire motor carriers operating motor vehicles transporting property in interstate or foreign commerce." 49 C.F.R. § 387.3 (a), 49 C.F.R. § 387.9.  "For-hire carriage" is defined as "the business of transporting, for compensation, the goods or property of another." 49 C.F.R § 387.5.

42. Furthermore, pursuant to 49 U.S.C § 31139(b)(1), the requirement for minimal levels of financial responsibility for public liability only applies to "the transportation of property." According to 49 C.F.R. § 387.1, the mandated limits of financial responsibility only apply to "motor carriers of property" that are engaged in "commerce."

43. Finally, the MCS-90 endorsement itself defines "Motor Vehicle" as a tractor being "used on a highway for transporting property."

**Inapplicability of Form MCS-90 Endorsement to Accident of November 16, 2004**

44. At the time of the accident, Arthur was operating the vehicle solely within the State of South Carolina, never operated nor intended to operate the vehicle in interstate commerce, and was not transporting hazardous cargo.

45. Because Arthur's trip was solely intrastate and was not for the purpose of transporting any hazardous cargo, the Department of Transportation has no jurisdiction, and the Form MCS-90 endorsement does not apply.

46. At the time of the accident, Arthur was on a personal mission unrelated to his business, was not engaged in commerce, was not transporting for-hire the goods or property of another, and in fact, was not transporting any property.

47. Because Arthur was not engaged in commerce and was not transporting any goods or property, the Department of Transportation has no jurisdiction, and the Form MCS-90 does not apply.

**Prayer for Relief**

WHEREFORE, having fully responded, the Defendant prays that the Plaintiffs' Complaint be dismissed with costs, that Judgment be granted in favor of the Defendant for the relief requested in its Counterclaim and Third-Party Complaint, and that an Order be entered by this Court declaring as follows:

(a) The 1989 Volvo Tractor was not an insured vehicle on the Canal policy;

(b) There was no liability coverage for Arthur or anyone else under the Canal policy for the operation, maintenance, or use of the 1989 Volvo Tractor;

(c) Canal has no duty to defend Arthur or pay any judgments rendered against him or anyone else as a result of the accident;

(d) The Form MCS-90 endorsement does not provide a public liability surety for the accident of November 16, 2004, because Arthur: (i) was not engaged in interstate commerce; (ii) was not transporting hazardous cargo; (iii) was not transporting any goods or property; and (iv) was not operating the vehicle for-hire. Therefore, the Department of Transportation has no jurisdiction and the Form MCS-90 endorsement does not apply.

(e) Canal has no obligation to pay any sums under the Form MCS-90 endorsement.

Florence, South Carolina                     TURNER, PADGET, GRAHAM & LANEY, P. A.

February 9, 2006

                                                    BY:    **s/Richard L. Hinson**
                                                               Richard L. Hinson (USDC I.D. # 5224)
                                                               P.O. Box 5478
                                                               Florence, SC 29502
                                                               (843) 656-4422 (phone)
                                                               (843) 413-5814 (fax)
                                                               rhinson@turnerpadget.com

                                                               Attorneys for Defendant